UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESUIT BEND PROPERTIES, L.L.C., ET AL. | CIVIL ACTION |
| VERSUS | NO: 06-11367 |
| LANDMARK INSURANCE COMPANY, ET AL. | SECTION: "J" (5) |

### ORDER AND REASONS

Before the Court is plaintiffs' Motion to Remand. (Doc. 18.) The motion is opposed. For the following reasons the Court finds that the motion should be GRANTED.

### BACKGROUND

Plaintiffs own a nursing home whose business was interrupted by Hurricane Katrina, resulting in a loss of business income. Plaintiffs were insured against business interruption losses by defendant Landmark American Insurance Company. Plaintiffs allege that at each yearly renewal of their insurance policy, their officer discussed the business interruption coverage with their local agent at Martin Insurance Agency ("Martin"). Plaintiffs first procured their policy from Martin in 1999, but the last discussion occurred in October of 2004. Plaintiffs complain that

in response to their inquiries, the agent told them that they had "full coverage" and did not inform them of limitations, exclusions, and penalties of the business interruption coverage, and never explained how the coinsurance provision in the policy worked. Plaintiffs received a copy of the latest version of the policy on March 28, 2005, and received a further communication about the business interruption coverage on July 21, 2005. They filed suit in State court on August 25, 2006. They then amended their petition on August 29, 2006 to add Martin as a defendant.

Plaintiffs allege that because of Martin's lapses and misrepresentations, they mistakenly thought they would be eligible to receive their policy limits for business interruption. Plaintiffs complain that had they known of the effects of the coinsurance provision and other exceptions or penalties they would have sought more complete coverage.

Defendants removed the case from State court claiming that diversity jurisdiction exists because the local agency, Martin, was improperly joined to defeat federal jurisdiction. Both sides have filed affidavits in support of their positions. A copy of the insurance policy was not filed with the Court.

**LEGAL STANDARDS**

*A. Motion to Remand*

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant can remove a state action to federal court based on original diversity jurisdiction unless a properly joined defendant is a citizen of the state where the action was brought. 28 U.S.C. § 1441(b).

The removing party bears the burden of establishing that federal jurisdiction exists at the time of removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Ambiguities are construed against removal and in favor of remand because removal statues are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

*B. Improper Joinder*

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R.*,

385 F.3d 568, 573 (5th Cir. 2004) (en banc). The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant. *Id.* A mere theoretical possibility of recovery is not sufficient to preclude a finding of improper joinder. *Id.* A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the instate defendants. *Id.* Where a plaintiff has stated a claim, but has misstated or omitted discrete and undisputed facts that would preclude recovery, the Court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.* at 573-74.

The party seeking removal bears a heavy burden of proving improper joinder. *Id.* at 574. In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

4

**DISCUSSION**

To state a cause of action for breach of a procuring insurance agent's fiduciary duty, a plaintiff must show (1) an undertaking or agreement by the agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that he is properly insured. *Offshore Prod. Contractors, v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir. 1990) (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730-731 (La. 1973)). Louisiana law provides that an action against an insurance agent must be brought within one year of the "act, omission, or neglect" or within one year from the date the act, omission, or neglect was or should have been discovered. La. Rev. Stat. § 9:5606. Even in "discovered" cases, the suit must be filed within three years of the act, omission, or neglect. *Id.* These periods are peremptive periods and cannot be renounced, interrupted, or suspended. *Id.*

Although the yearly renewal of an insurance policy is generally considered to be insufficient to restart the peremptive periods, specific requests of the agent regarding coverage can create a new undertaking, and restart the periods. *See Sonnier v.*

5

*La. Farm Bureau*, 924 So. 2d 419 (La. App. 3rd Cir. 2006). Plaintiffs' petition and affidavit in support of remand sufficiently allege that Martin undertook to procure business interruption insurance in October of 2004. The Court is unable to conclusively determine in a summary fashion from the record before it whether plaintiffs' reliance on Martin's assurances of "full coverage" were reasonable. Neither can the Court determine whether plaintiffs should have known of any misrepresentation or negligence by Martin more than one year prior to filing suit. After resolving all factual and legal ambiguity in plaintiffs' favor, the Court finds that defendants have failed to meet their heavy burden of proving improper joinder.

Accordingly,

**IT IS ORDERED** that plaintiffs' Motion to Remand (Doc. 18) is **GRANTED**; the above-captioned action is hereby **REMANDED** to the court from which it was removed.

New Orleans, Louisiana this the 12th day of April, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE